H. S. EDWARDS v. THE BOARD OF COMMISSIONERS of WILKES COUNTY.

In an action against the Board of Commissioners of one county, brought to the Superior Court of an adjoining county, objection to the *venue* must be taken in that Court; otherwise, the objection will be considered as waived.

A creditor of a county cannot be compelled either by the Legislature or by the Board of Commissioners to "bond" his debt and wait five years for its ultimate satisfaction; such creditor is entitled to a peremptory *mandamus*.

(*Johnson* v. *Commissioners of Cleaveland*, 67 N. C, Rep. 101; *Sedberry* v. *Commissioners of Chatham*, 66 N. C. Rep, 486, cited and approved.)

MOTION for a peremptory *mandamus*, heard before *Mitchell, J.*, at Fall Term, 1873, of the Superior Court of ALLEGHANY county.

The plaintiff had obtained a judgment against the defendants for $1,643.93, and issued a notice to show cause why a *mandamus* should not issue to the defendants, compelling the Board to levy taxes, &c. Upon the return of the notice the defendants answered, which his Honor, holding to be insufficient, ordered a peremptory *mandamus* to issue, from which order defendants appealed.

*Furches*, for appellants.
*Folk & Armfield*, contra.

READE, J. The objection to the jurisdiction, that the action was brought in the county of Alleghany, where the plaintiff resides, instead of in Wilkes, where the defendants reside, and of which latter county they are the Board of Commissioners, would have been fatal, if it had been taken in apt time. It was not taken below, but was taken for the first time in this Court. And, although it is true that the objection that the Court has not jurisdiction of the subject matter may be taken

at any time, yet it is otherwise when the Court has jurisdiction of the subject matter, but the *venue* is wrong. The objection to the *venue* may be waived, and if not taken below it is to be taken as waived, and cannot be taken here. *Leach* v. *W. N. C. R. R. Co.*, p. 486 ; *Alexander* v. *Commissioners of McDowell Co.*, p. 331.

We agree with his Honor, that the defendants' return sets up no sufficient excuse for not paying the plaintiff his debt, and that a peremptory *mandamus* should issue. We are not informed whether the debt existed before the adoption of the Constitution or has been contracted since. And we see nothing in the case to make the enquiry important. The plaintiff's debt was in existence at the time when the Legislature passed the act requiring the debts of the county to be bonded, and directing a tax levy to pay the interest and one-fifth of the principal annually, and forbidding any other tax, upon which act the defendants rely, saying that they had levied the tax to pay one-fifth, &c., and refused to levy any other tax. It may be considerate and prudent in the defendants not to oppress the people with a levy of taxes to pay *all* the debts of the county *in one year*, but still, a creditor of the county can not be compelled, either by the Legislature or by the Board of Commissioners, to "bond" his debt and wait five years for its ultimate satisfaction. Some indulgence, it is true, must be allowed in order to enable the Board, through the usual machinery, to provide the funds, just as an individual is indulged until the machinery of the Courts can operate, which is supposed to be sufficient to give him reasonable time to provide funds to meet a debt. But levying taxes is not the *only* way which the defendants have to meet the plaintiff's debt. A liberal construction of the statute upon which they rely enables them not only to give a creditor a bond for his debt if he will take it and indulge the county, but if he will not take it, then to raise money by the issue of bonds, and with the money so raised to pay off the debt. *Johnson* v. *Commissioners of Cleaveland*, 67 N. C.

R. 101; *Ledbury* v. *Commissioners of Chatham*, 66 N. C. R. 486.

There is no error.   This will be certified.

PER CURIAM.                          Judgment affirmed.